**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THE MACKINAC CENTER,

Plaintiff,

v.

JOCELYN BENSON, in her official capacity as Michigan Secretary of State, and DANA NESSEL, in her official capacity as Michigan Attorney General,

Defendants,

and

MICHIGANDERS FOR MONEY OUT OF POLITICS BALLOT COMMITTEE, CLEAN WATER ACTION, VOTERS NOT POLITICIANS, and JOANNA WHALEY,

Proposed Intervenor-Defendants.
______________________________________/

Case No. 1:26-cv-03154-PLM-MV

Hon. Paul L. Maloney

Magistrate Judge Maarten Vermaat

**PROPOSED INTERVENOR-DEFENDANTS' MOTION TO INTERVENE**

**EXPEDITED CONSIDERATION REQUESTED**

Proposed Intervenor-Defendants Michiganders for Money Out of Politics Ballot Committee ("MMOP"), Clean Water Action ("CWA"), Voters Not Politicians ("VNP"), and Joanna Whaley move under Federal Rule of Civil Procedure 24(a)(2) to intervene as of right as defendants in this action or, in the alternative, for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). In support, Proposed Intervenors state:

1. On November 3, 2026, Michigan voters approved Ballot Proposal 2 of 2026 by massive margins. *See* Kelly House, *Michigan Elections: Voters Approve Proposal 2* Money Out of Politics *Question*, Bridge Mich. (Nov. 3, 2026), https://bridgemi.com/michigan-

politics/michigan-elections-voters-decide-on-proposal-2-money-out-of-politics-question/ ("The Associated Press declared the proposal passed at about 9:45 p.m., with 4 out of every 5 votes supporting the measure in early returns."). On that very evening—before midnight on election night, and weeks before any official certification of the results—Plaintiff filed this action seeking declaratory and injunctive relief against enforcement of Proposal 2. ECF No. 1. Plaintiff alleges that Proposal 2 violates the First Amendment, as incorporated through the Fourteenth Amendment.

2. MMOP is the ballot question committee that drafted Proposal 2, sponsored the initiative petition, gathered 561,282 signatures to place it before the Legislature and then the voters under Mich. Const. 1963, art. 2, § 9, and defended the petition through the certification process. Ex. C, Decl. of Sean McBrearty ¶¶ 5–9.

3. CWA is a 501(c)(4) organization whose mission is "to protect the environment, human health, economic well-being, and community quality of life through grassroots organizing, public education, and political action." Ex. D, Decl. of Emily Woodcock ¶ 2. CWA "has been involved in MMOP since its inception," including by fielding a "professional canvass team" that "spent six months collecting 50,628 signatures for Proposal 2." *Id.* ¶ 4. CWA intends to use the disclosures generated by Proposal 2 in its public education and endorsement work. *Id.* ¶ 8. CWA also makes independent expenditures regarding Michigan elections through a state independent expenditure committee; it accordingly is directly regulated by Proposal 2's independent expenditure provisions. *Id.* ¶ 7.

4. VNP is "a nonpartisan advocacy organization that works to effect structural and systemic democracy reform through engagement of people in Michigan." Ex. E, Decl. of Christy McGillivray ¶ 2. VNP participated in the campaign to enact Proposal 2, by "drafting and reviewing petition language, establishing the MMOP governance structure, developing campaign plans for

the circulation phase, procuring legal representation, collecting signatures, lobbying elected officials, and funding the campaign." *Id.* ¶ 4. It intends to use the information generated by Proposal 2's disclosures to support its ongoing advocacy for political and ethics reform. *Id.* ¶ 6.

5. Joanna Whaley was elected in November 2026 to serve as the state Representative for Michigan's Second House District. Ex. F, Decl. of Joanna Whaley ¶ 3. During her 2026 campaign, Representative-elect Whaley faced advertisements, supported by outside spending, that did not use the "magic words" of "vote for" or "vote against" and thus would not trigger disclosures under the law prior to Proposal 2 but that would trigger disclosures under Proposal 2. *Id.* ¶¶ 8–9, 13. She intends to run for re-election and expects to confront similar outside spending in her re-election campaign. *Id.* ¶¶ 6–7, 14–16.

6. This motion is timely. It is filed six days after the complaint, before any defendant has answered or moved and before the Court has ruled on any substantive matter.

7. Proposed Intervenors are entitled to intervene as of right under Rule 24(a)(2). Each proposed intervenor has a substantial legal interest in Proposal 2's validity; a judgment invalidating or enjoining Proposal 2 would, as a practical matter, impair that interest; and the existing state defendants, who must balance a range of public and institutional considerations, may not adequately represent Proposed Intervenors' distinct interests. The accompanying brief explains each element.

8. Alternatively, the Court should permit Proposed Intervenors to intervene under Rule 24(b)(1)(B). Their defenses share common questions of law and fact with the main action, and intervention at this early stage will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). This Court has granted permissive intervention to

the sponsor of a voter-initiated measure in comparable circumstances. *Daunt v. Benson*, No. 19-cv-614, 2019 WL 12050350, at *2 (W.D. Mich. Aug. 28, 2019).

9. As Rule 24(c) requires, Proposed Intervenors attach the pleading that sets out the defenses for which intervention is sought, their Answer and Affirmative Defenses, as Exhibit A. *See also* W.D. Mich. LCivR 5.7(f).

10. Proposed Intervenors agree to coordinate with Defendants to avoid duplicative briefing, to comply with all deadlines the Court has set or will set, and to accept any reasonable conditions the Court may place on their participation.

11. As required by W.D. Mich. LCivR 7.1(d)(i)–(ii), on November 5, 2026, counsel for Proposed Intervenors sought concurrence in this motion from counsel for Plaintiff and Defendants. Plaintiff opposes the motion. Defendants, consistent with the State's usual practice, declined to concur in the motion but informed counsel for Proposed Intervenors that they will not oppose it. The Certificate Regarding Motion Concurrence required by LCivR 7.1(d)(ii)(B) is filed separately.

12. This motion is supported by the accompanying brief, and by the declarations attached as Exhibits C through F. The disclosure statements of MMOP, CWA, and VNP under Fed. R. Civ. P. 7.1(a)(1) are filed concurrently.

WHEREFORE, Proposed Intervenors respectfully request that the Court enter an order in the form attached as Exhibit B:

(a) Granting Proposed Intervenors leave to intervene as defendants as of right under Fed. R. Civ. P. 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b)(1)(B);

(b) Directing the Clerk to file the Answer and Affirmative Defenses attached as Exhibit A and to add Proposed Intervenors to the docket as Intervenor-Defendants; and

(c) Granting such other relief as the Court deems just.

Dated: November 9, 2026

Respectfully submitted,

s/ *Samuel R. Bagenstos*
Samuel R. Bagenstos (P73971)
625 S. State St.
Ann Arbor, MI 48109
(857) 231-1663
sbagen@gmail.com

Stephanie Command*
Tracey Wigglesworth*
1215 K, Suite 2000
Sacramento, California 95814
stephanie@tpl.group
tracey@tpl.group
(916) 674-6440

Counsel for Proposed Intervenor-Defendants

**Applications for admission forthcoming*

## INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit A | Intervenor-Defendants' Answer and Affirmative Defenses (Fed. R. Civ. P. 24(c); LCivR 5.7(f)) |
| Exhibit B | Order Granting Motion to Intervene (LCivR 5.7(g)) |
| Exhibit C | Declaration of Sean McBrearty |
| Exhibit D | Declaration of Emily Woodcock |
| Exhibit E | Declaration of Christy McGillivray |
| Exhibit F | Declaration of Joanna Whaley |