**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THE MACKINAC CENTER,

Plaintiff,

v.

JOCELYN BENSON, in her official capacity as Michigan Secretary of State, *et al.*,

Defendants.

Case No: 1:26-cv-3154

Judge Paul L. Maloney

*EXPEDITED CONSIDERATION REQUESTED*

# PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

***EXPEDITED CONSIDERATION REQUESTED***

The plaintiff moves for a temporary restraining order under Federal Rule of Civil Procedure 65(b). The plaintiff requests relief by **December 3, 2026.**

As explained in the plaintiff's motion for a preliminary injunction, the plaintiff is likely to prevail on the merits of its claims, it will suffer irreparable harm absent an injunction, an injunction will harm no other parties, and an injunction is in the public interest. *See* ECF No. 13, PageID.148; ECF No. 14, PageID.168-182. To avoid unnecessary duplication, the Mackinac Center incorporates and restates its motion for a preliminary injunction and supporting brief as if fully stated here.

Proposal 2 takes effect on December 3, 2026, and Michigan law requires organizations that qualify as a political committee to register within 10 days of qualifying. ECF No. 14, PageID.158; Mich. Comp. Laws § 169.224(1). That means the plaintiff must begin assessing whether it qualifies as a committee as soon as December 3, 2026, and it could face registration requirements as soon as December 13, 2026. The plaintiff will thus likely begin experiencing irreparable harm from the

potential unrecoverable compliance costs and chilled speech before the briefing deadline for its preliminary-injunction motion will run. *See* LCivR 7.2(c).

The plaintiff thus respectfully requests that the Court enter a temporary restraining order prohibiting the defendants from treating the plaintiff as a committee under Mich. Comp. Laws § 169.203(4), as amended by Proposal 2, or otherwise enforcing Michigan's regulations and reporting requirements for committees against the plaintiff, pending the Court's resolution of the motion for a preliminary injunction.[1]

Dated: November 25, 2026

Respectfully submitted,

s/ Brett R. Nolan

Brett R. Nolan
Alan Gura
Nathan Ristuccia[2]
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Suite 801
Washington, D.C. 20036
(202) 301-3300
bnolan@ifs.org
agura@ifs.org
nristuccia@ifs.org

*Counsel for the plaintiff*

---

[1] The plaintiff is not requesting a temporary restraining order related to its claims against the new requirements for "electioneering communications." *See* ECF No. 1, PageID.18-21; ECF No. 13, PageID.148 (second request for injunctive relief); ECF No. 14, PageID.174-180. While the plaintiff will suffer irreparable harm absent an injunction from enforcing the rules for electioneering communications "*before* final judgment," *Fischer v. Thomas*, 78 F.4th 864, 868 (6th Cir. 2023), these harms likely will not arise until after briefing on the motion for a preliminary injunction is complete and this Court has an opportunity to rule.

[2] Not a D.C. Bar Member but providing legal services in the District of Columbia exclusively before federal courts, as authorized by D.C. Ct. App. R. 49(c)(3).

## CERTIFICATE OF NOTIFICATION UNDER FED. R. CIV. P. 65(B)(1)(B)

Consistent with the background stated in the plaintiff's contemporaneously filed brief, the undersigned certifies the following: I contacted the defendants counsel on November 20, 2026, and November 24, 2026, to inform them that the plaintiff would seek expedited relief in the form of a temporary restraining order if the parties could not agree to a temporary stay of enforcement. The defendants' counsel informed me that the defendants would not agree to a temporary restraining order on November 25, 2026.

/s/ Brett R. Nolan
*Counsel for plaintiff*